**U.S. BANKRUPTCY COURT**
District of South Carolina

Case Number: **21-00345-jw**

**ORDER**

The relief set forth on the following pages, for a total of 11 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**10/22/2021**



*John E Waites*

US Bankruptcy Judge
District of South Carolina

Entered: 10/22/2021

**UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Carol Lynne Myers,<br><br>Debtor. | C/A No. 21-00345-JW<br><br>Chapter 13 |

**ORDER DENYING MOTION TO DISMISS CHAPTER 13 CASE**

This matter comes before the Court upon a Motion to Dismiss Chapter 13 Case filed by Sloane Realty, LLC (Sloane Realty or Landlord) on August 3, 2021. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Based on materials presented by the parties, the Court makes the following findings of facts and conclusions of law.

**FINDINGS OF FACT**

Carol L. Myers has leased residential real property at 1347 Valley Road, Charleston, SC 29412 (Property) from Sloane Realty since April 1, 2011. The initial lease between the parties was entered on March 2, 2011, for a 1-year term, and thereafter, the parties entered into further lease agreements or renewals through the date that Ms. Myers filed her Chapter 13 petition.[1]

On February 8, 2021, Ms. Myers filed a Chapter 13 bankruptcy petition with the Court. At the time she filed the petition, Ms. Myers was current on her Lease payments. Under her proposed Chapter 13 plan, Ms. Myers proposed to assume the Lease on a month-to-month basis and continue paying her monthly rent under the Lease. Furthermore, there is nothing in the

---

[1] In addition to the 1-year lease entered on March 3, 2011, the Landlord presented to the Court a written lease entered on July 16, 2014 covering a period from September 1, 2014 to June 30, 2015, and a written Renewal of Residential Rental Agreement dated November 8, 2017, which purports to extend the original lease dated March 2, 2011 and converts the lease to a month-to-month tenancy beginning December 1, 2017, and ending upon 30-days' notice with monthly rent payments of $1,350 per month.

Page **1** of **10**

record of this case reflecting that Ms. Myers was delinquent on her rent payments when she filed her petition or when the plan was confirmed on May 6, 2021, nor had there been an order or judgment of possession entered against her.

Dissatisfied with the treatment of the Lease in Ms. Myers's proposed plan, Sloane Realty filed an Objection to Confirmation of the Plan on March 12, 2021. In the Objection, Sloane Realty advanced two arguments against confirmation. First, Sloane Realty argued that there was no unexpired lease that could be assumed, as only a tenancy at-will existed because the Lease was subject to month-to-month renewal with a provision to allow for termination upon 30 days' notice. Next, Sloane Realty asserted that by its Objection, it affirmatively expressed its intent to cancel the tenancy provided under the Renewal Agreement upon the conclusion of the next 30-day period. To this end, Sloane Realty believed that the Lease as extended month-to-month by the Renewal Agreement would terminate on or before April 30, 2021.

Citing *In re Circuit City Stores, Inc.*, 427 B.R. 475, 588 (Bankr. E.D. Va. 2009),[2] Sloane Realty further asserted that any rent incurred by Ms. Myers from the petition date would be entitled to priority under 11 U.S.C. § 365 and should be included in the plan pursuant to the heightened payout under 11 U.S.C. § 503(b).

Ms. Myers and Sloane Realty resolved the Objection to Confirmation by a consent order that provided for an extension of the Lease from a month-to-month arrangement with termination upon 30-days' notice to a Lease term that allowed Ms. Myers to remain in the Property until July 15, 2021—a date on which Ms. Myers agreed to vacate the Property. The consent order provided as follows:

---

[2] The Court notes that *Circuit City* addressed a non-residential lease of real property.

- In order to allow the debtor additional time to obtain new housing, Landlord agreed to allow debtor to remain in the property until no later than July 15, 2021.

- Debtor shall continue to pay the regular rent in the amount of $1,350 per month for the months of April, May, and June 2021, and prorated amount of $665.75 for July 1 through July 15, 2021 at which time debtor agrees to vacate the property.

- The debtor agrees to vacate the property no later than July 15, 2021 and not to contest or otherwise oppose eviction if she did not vacate by that date.

By a later agreement, Ms. Myers and Sloane Realty extended the July 15, 2021, move-out date to July 31, 2021.

The consent order resolving the Objection to Confirmation was entered on May 4, 2021. The proposed language of the Chapter 13 plan, however, was not changed nor did it explicitly refer to consent order and the Court confirmed Ms. Myers's plan on May 6, 2021. The confirmed plan simply required Ms. Myers to pay amounts due on the Lease directly to Sloane Realty and acknowledged that the Lease ran month-to-month as follows in part 6.1:

> **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.[3]

| Name of Creditor | Description of Leased property or executory contract | Current installment payment | Estimated amount of arrearage through month of filing or conversion | Estimated monthly payment arrearage to be disbursed by the trustee |
|---|---|---|---|---|
| Sloane Realty LLC | This is a month to month lease. $1,350.00 | $1,350.00 | $0.00 | $0.00 |

Ms. Meyers paid rent through the last payment due in July 2021, but a check in the amount of $810.00 was returned for insufficient funds.

---

[3] There were no prepetition arrearage payments to be disbursed by the Chapter 13 Trustee.

On August 3, 2021, Sloane Realty filed a Motion to Lift Stay due to Ms. Myers's failure to vacate the Property in order to evict Ms. Myers from the Property. Ms. Myers did not file an objection to the Motion to Lift Stay, and Sloane Realty's counsel submitted a proposed default order, which was entered through the Court's automated order system on August 25, 2021. The Order Granting Relief from the Automatic Stay submitted by Sloane Realty and entered on August 25 deviated from the form required for such automated orders by the undersigned in Operating Order 18-05 and Chambers Guidelines. *See* GUIDELINES APPLICABLE TO MATTERS INVOLVING § 362, pt. I (Waites, J.).

The Order Granting Relief from the Automatic Stay authorized Sloane Realty to commence an eviction action due to Ms. Myers's failure to vacate the Property. However, the Order did not waive rights under §§ 503 or 507, which is an integral part of the Court's approved form order. Instead, the Order provided that "any judgment or shortfall in the deposit, or any settlement shall be enforced or approved by the Bankruptcy Court so long as this case is pending."[4]

On August 3, 2021, Sloane Realty also filed a Motion to Dismiss the Chapter 13 Case. In that Motion, Sloane Realty asserted that Ms. Myers's failure to comply with the Consent Order entered on May 4, 2021, provided grounds for dismissal of the case pursuant to 11 U.S.C. § 1307 due to her failure to vacate timely and remit timely rent payments. Sloane Realty specifically requested dismissal for cause and relied upon § 1307(c)(4), which addresses the failure to commence making timely payments under § 1326, and upon § 1307(c)(6), which concerns

---

[4] Under the Operating Order and applicable Guidelines, any proposed order that materially departs from the Court's approved form must be announced by the party requesting relief for consideration by the Court at a hearing. By submitting a proposed order different from the required form, Sloane Realty avoided the required Court scrutiny of its proposed order.

material default by a debtor with respect to a term of a confirmed plan. Ms. Myers filed a timely response objecting to the Motion to Dismiss.

On the eve of the hearing for the Motion to Dismiss the Chapter 13 Case, the parties submitted a proposed consent order, to which there was no objection by the Chapter 13 Trustee, which purported to resolve the Motion to Dismiss. The proposed order provided as follows:

(1) Debtor had moved out of the Property before the hearing;

(2) As of September 1, 2021, Ms. Myers owed a total of $2,470.05 arising from $3,595.05 in rent, applicable late fees, and charges, plus Sloane Realty's attorney's fees, which was then reduced by offsetting a $1,125.00 security deposit in Sloane Realty's possession; and

(3) Ms. Myers would amend her Chapter 13 plan to increase the base amount of payments to provide for the $2,470.05 as an administrative claim without any reduction in the distribution paid to unsecured creditors.

The Court declined to execute the proposed order, and a hearing on the Motion to Dismiss was held on September 8, 2021.[5]

The record for this matter further reflects that the Chapter 13 Trustee never took any steps to assume or reject the Lease before confirmation of the plan.

## CONCLUSIONS OF LAW

Upon consideration of the record and facts and circumstances of this matter as presented by counsel and the Trustee, the Court denies the Motion to Dismiss filed by Sloane Realty.[6] The Court's concerns relating to this matter include the following:

(1) Sloane Realty's efforts to terminate the Lease term by notice provided post-petition without relief from stay;

---

[5] The Court supports agreements and expedited procedures to resolve disputes in Chapter 13 cases to save costs, however, the agreements must be fair and correctly grounded in law.

[6] No testimony was presented by any party at the hearing. The documentary evidence submitted by Sloane Realty was limited and supplemented at the Court's request after the hearing to present Sloane Realty's Lease records, emails by counsel explaining notice of termination to Ms. Myers's counsel, and a payment/debt register.

(2) Sloane Realty's failure to demonstrate entitlement to an administrative expense claim;

(3) The filing and prosecution of the Motion to Dismiss under the circumstances of this case; and

(4) The proposed resolution that required modification of the plan and would increase administrative expenses, including the attorney's fees incurred by Ms. Myers, and provided a requirement to maintain a specific dividend to unsecured creditors not established by the confirmed plan.

**I.    Preconfirmation efforts to terminate the Lease by notice without first securing relief from stay was ineffective.**

Debtors seeking to assume a month-to-month tenancy bear a difficult risk in a Chapter 13 case because such tenancy is terminable upon 30-days' notice and they may be forced to find alternate housing during term of their case.[7] Such treatment, however, was available in this case since nothing in the record indicates that the Lease was terminated by a judgment of possession obtained by Sloane Realty prepetition. *See* 11 U.S.C. § 362(b)(22). South Carolina law recognizes the existence of month-to-month tenancies in leases unless agreed to otherwise by the lessor and lessee. *See* S.C. Code Ann. § 27-35-30. Here, the month-to-month tenancy provided by the Lease was property of the estate subject to the protections of the automatic stay. *See* 11 U.S.C. § 362(a)(3); *In re Stoltz,* 197 F.3d 625,629 (2d Cir. 1999) ("Unexpired leasehold interests…constitute property of the bankrupt estate."); *In re Coates*, 108 B.R. 823 (Bankr. M.D. Ga. 1989); *In re Schewe,* 94 B.R. 938, 942 (Bankr. W.D. Mich. 1989).

Section 362(a)(3) stays attempts to secure possession of property of the estate as follows:

> [A] petition filed under section 301, 302, or 303 of this title…operates as a stay, applicable to all entities, of…any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate.

---

[7] As a result of economic difficulties caused by the COVID-19 pandemic and increased housing costs, more and more debtors may be facing this situation.

With respect to residential leases, eviction and unlawful detainer proceedings are not stayed only in those narrow instances where the landlord secured a prepetition judgment of possession or proves that the tenant has "endangered property or illegally used or allowed to be used a controlled substance on the property." 11 U.S.C. §§ 362(b)(22) & (23).  There is no evidence in the record demonstrating that the residential lease exceptions for the automatic stay apply.

To this end, any acts to terminate the Lease may be pursued only after entry of an order granting relief from stay.  *See, e.g., In re Coates*, 108 B.R. at 826 ("[E]ven a month-to-month tenancy at will is property of the estate which debtor's landlord cannot terminate until the landlord obtains relief from the automatic stay."); *In re Schewe*, 94 B.R. at 941 (holding that the automatic stay precluded lessor's termination of month to month tenancy); *In re Chautauqua Capital Corp.*, 135 B.R. 779, 782 (Bankr. W.D. Pa. 1992) ("The Bankruptcy Code offers no basis for extending the leases beyond their stated termination dates, except that the automatic stay of § 362 requires that relief from such stay be obtained before a lessor may take action with respect to a debtor's rights in the property."); *In re Elder-Beerman Corp.*, 195 B.R. 1019, 1024 (Bankr. S.D. Ohio 1996) ("Thus while parties may otherwise be permitted to terminate an agreement under state contract law, in bankruptcy such a termination would be in violation of the stay, and the parties must seek permission of the court to act.").

Sloane Realty asserted written notice of its intent to terminate the Lease in its Objection to Confirmation of Ms. Myers's Chapter 13 plan and correspondence from its counsel to Ms. Myers's counsel.[8]  It did not, however, secure relief from the stay before exercising its right to terminate.  Communications to debtor's counsel during the case by Sloane Realty's counsel or

---

[8] Email to Debtor's counsel dated 3/26/2021 (stating that Sloane Realty is "exercising its right to terminate the Lease on 30-days' notice").

noticing termination in the objection to confirmation are not permissible means to terminate the month-to-month tenancy in the absence of an order providing relief from stay.[9] The right to terminate by notice may be provided for in a Court order or plan but neither was done in this case. Instead, the agreement represented within the May 4, 2021 consent order resolved the Objection to Confirmation and mooted Sloane Realty's attempt to terminate the Lease by expressly extending the tenancy provided to Ms. Myers to July 15, 2021, which Sloane Realty and Ms. Myers later agreed to extend a second time to July 31, 2021. Parties attempting to terminate an unexpired lease or executory contract by notice without relief from stay appear to violate 11 U.S.C. § 362(a)(3).[10]

## II. Sloane Realty has not established any entitlement to an administrative expense claim under 11 U.S.C. § 503(b)(1)(A).

In a similar fashion, Sloan Realty does not appear entitled to an administrative or priority claim absent compliance with § 503(a) and no proof was presented to sustain such a claim. By citing to *In re Circuit City*, it appears that Sloane Realty's misapprehension of its priority entitlement is based on § 503(b)(7), which provides priority status for rent due under a non-residential lease. In this case, Sloane Realty must demonstrate that its claim meets the requirements of § 503(b)(1)(A) and that the rent and attorney's fees claimed were "actual, necessary costs and expenses of preserving the estate."[11]

## III. Setoff of the security deposit for missed rent and associated fees and charges is appropriate at this time but accrued attorney's fees and costs are not.

---

[9] While both the objection and email arose preconfirmation, according to the vesting language in this District's plan, property of the estate and debtor's property remain protected by the automatic stay post-confirmation.

[10] Sloane Realty appeared to rely on provisions of § 362(b)(10), which pertains only to non-residential, real property, but that reliance was misplaced.

[11] *See In re Cumbess*, 960 F.3d 1325 (11th Cir. 2020) (questioning whether any administrative expense claim is allowable in a Chapter 13 case if a lease is not assumed by a Chapter 13 trustee).

Sloane Realty's Motion to Dismiss the Chapter 13 Case was filed simultaneously with the Motion to Lift Stay to return possession of the Property. The proposed order for the Motion to Dismiss indicated that by the time of the hearing for the Motion to Dismiss, Ms. Myers had vacated the Property. Therefore, the focus of the proposed order and the continued prosecution of the Motion to Dismiss the Case was for the recovery of monies owed to Sloane Realty. The ledger submitted to document the debt remaining after offset of the security deposit stated a debt of $2,470.05, which was comprised of $810.00 for rent plus additional amounts due for attorney fees and expenses that appear to arise from the objection to confirmation; the consent order entered May 4, 2021; the Motion for Relief from Stay; the Motion to Dismiss the Case; and assorted late fees. To support the Motion to Dismiss the Case, Sloane Realty relied on 11 U.S.C. § 1307(c)(4)—failure to commence payments—and § 1307(c)(6)—material default under a confirmed plan. Based upon the circumstances in the case, the Court finds § 1307(c)(4) inapplicable as it appears Ms. Myers commenced timely payments under the confirmed plan. Furthermore, understanding that Sloane Realty had received possession and was owed only $810.00 in rent to be offset by a $1,125.00 security deposit, the Court does not find a material default in the confirmed plan under § 1307(c)(6) to establish cause for dismissal.

Considering the circumstances of the case, the Court further questions the reasonableness of filing the Motion to Dismiss, and therefore questions the full amount of attorney fees and costs included in the balance of the outstanding debt. However, the Court will allow such to be addressed at a further hearing if properly requested. In any event, the Court finds that dismissal of the case on the grounds stated in the Motion to Dismiss would not be in the best interests of creditors and the estate, but appears to have been requested as a means of pressing Ms. Myers to concede an administrative expense claim for missed rents owed to Sloane Realty. Nevertheless,

the Court—by this Order—allows Sloane Realty to offset any claim of post-petition rent and fees by the security deposit and authorizes it to file any further application it feels appropriate to seek an administrative expense claim.

**IV. Amendment of the confirmed plan to increase the base payment for all claims provided for in the plan is unnecessary.**

At the hearing, neither of the parties nor the Trustee indicated that the base plan payments being made by Ms. Myers under the confirmed plan were insufficient to cover any allowed administrative claim. If such a claim is established and allowed, it may reduce the dividend to the unsecured claims of creditors. However, no specific dividend to unsecured creditors was provided for in the confirmed plan.[12] Therefore, sufficient cause has not been demonstrated to require an amended plan and the associated additional costs for Ms. Myers's attorney's fees and expenses, which are themselves additional administrative expense claims. Finding that no grounds for an administrative claim have been established by Sloane Realty, no plan amendment or base-plan payment increase shall be allowed at this time.

## CONCLUSION

For the reasons stated herein, the Motion to Dismiss Case and proposed consent order are **DENIED**.

**AND IT IS SO ORDERED.**

---

[12] Confirmed Plan, ECF No. 16, Part 5.1: Allowed nonpriority unsecured creditors that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims...The debtor estimates payments of less than 100% of claims.